McFarland, J.,
delivered the opinion of the court.
Hildebrand filed the original bill in this case, in which he charges that the defendant Beasley holds two notes to which complainant had signed his name; the first, a note for $700, payable to J. J. Smith, executed by A. M. D. Hendrickson and John W. Smith; the other a note for $1,000, executed also by said Hendrickson and Smith, and payable to J. G. Mason. The complainant charges, that his name appears to both of these notes, but that he signed them both after they had been executed and delivered *122 by the makers and accepted by the payees, and without any new consideration; that the first mentioned note had been assigned to the defendant Beasley, and was owned by him at the time complainant signed his name to it; that the other note was transferred to the defendant after complainant’s name had been signed to it, but that the complainant took it after it was due, and with full notice. To this bill the defendant filed an answer, in which he insists that there was a valid consideration to support complainant’s undertaking to pay these notes. The defendant also filed a cross bill, making the original complainant and E. A. Eort and Geo. A. Smith parties, in which he charges that the complainant is justly indebted to him in the amount of four notes — that is, the two referred to in the original bill and two others; one for $622.15, executed by said John W. Smith and Hendrickson and complainant Hildebrand; the other for $500, executed by the complainant Hildebrand and George A.Smith, both these latter notes payable to the complainant in the cross-bill, Beasley. The bill farther charges that Hildebrand has made a fraudulent. conveyance of his land to the defendant E. A Fort, for the purpose of hindering and delaying his creditors. The bill further shows that John W. Smith and Hen-drickson have both been discharged in bankruptcy, and that George A. Smith is a resident of Kentucky, but owns a tract of land in Robertson county. The bill prays for an attachment against the land of -Hildebrand and -George A. Smith; that the conveyance from Hildébrand to E. A. Eort be set aside; and that he *123 may have satisfaction of his debts out of the land of Hildebrand, and out of the land of George A. Smith for the debt for which he was liable. To this cross-bill the defendants thereto filed a demurrer, upon the ground that the same was- multifarious in bringing before the court matters not embraced in the original bill, and also because it brings in parties not made so by the original bill, or interested in the subject matter of the original bill. This demurrer was sustained by the Chancellor and said cross-bill dismissed, except in so far as the same prayed for relief as to the first notes against the complainant Hildebrand. From this decree the complainant in the cross-bill prayed and obtained an appeal.
The elementary authorities hold that a cross-bill must be confined to matters growing out of the original bill; and according to some authorities new parties cannot be introduced into a cause by a cross-bill. See 2 Daniel Ch. Pr., 1647, citing 17 Howard, 145. But under our practice we should not be inclined to carry the doctrine so far.
In this cause conceding, as is done, that Beasley may maintain his cross-bill for relief upon the two first notes, we think he should be allowed to prosecute it also against Fort, for the purpose of making effectual his relief against the land attached. Fort is also made a party for this purpose; he has no other interest in the subject matter; but for the purpose stated he is an indispensible party. It is the policy of the law to prevent a multiplicity of suits, and upon the facts stated in the cross-bill, the relief to *124 which the plaintiff may be entitled therein could not be fully given without making Fort a party. We can not see that there would be any practical inconvenience in determining in the same case whether one of the defendants is justly liable for the debt claimed, and also whether a conveyance of his property to another defendant was made for the purpose of hindering and delaying. the collection of that debt. This is necessarily done in every attachment bill where the bill is filed before judgment, as may be done under our statute.
As to the other two notes, the Chancellor was probably correct in holding the cross-bill multifarious.
Section 4326 of the Code provides: “If a demurrer for multifariousness be sustained, the court may authorize amendments, by directing separate bills to be filed, without new process as to the parties before the-court, and by the addition of new parties, or otherwise, as may be deemed necessary for the attainment of justice.”
It is true that no leave was asked to make this amendment, but as the decree is reversed upon the other ground, we think that the complainant in the cross-bill should still be allowed to amend as to the last notes,- under the provisions above referred to.
The decree will accordingly be reversed. The costs of this court will be paid one-half by the complainant in the original bill, the other half by the complainant in the cross-bill.